## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## EASTERN DIVISION

| | | |
|---|---|---|
| **MARY ANN PARKER,** | ) | |
| **individually,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.: 1:19-cv-00896-ACA** |
| | ) | |
| **WILLIAMSON OIL CO, INC.,** | ) | |
| **LIMBOJ, LLC; and GAYNELLE** | ) | |
| **PITTS,** | ) | |
| | ) | |
| **Defendants.** | ) | |

_____

## <u>FIRST AMMENDED COMPLAINT</u>

COMES NOW Plaintiff, MARY ANN PARKER, by and through her counsel as undersigned, and asserts that pursuant to Federal Rule of Civil Procedure 15(a)(1)(b) files this her First Amended Complaint.  Plaintiff states that in her original Complaint, Plaintiff previously named WILLIAMSON OIL CO, INC., as the owner and operator of the premises at issue in this lawsuit.  Subsequent to service of Plaintiff's original Summons and Complaint upon WILLIAMSON OIL CO, INC., updated information was obtained and verified by counsel for Plaintiff which demonstrate that GAYNELLE PITTS, is the true owner and lessor of the subject premises, WILLIAMSON OIL CO, INC is the lessee and sub-lessor of the subject

premises and that LIMBOJ, LLC is the current sub-lessee and operator of the subject premises, and as such are the proper party defendants in this case.

It is based on the forgoing that Plaintiff now hereby files this amendment to her original Complaint and adds as additional proper party defendants and sues GAYNELLE PITTS, an individual, and LIMBOJ, LLC., a Domestic Limited Liability Corporation, for injunctive relief, attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. §§ 12101-12103, 12181-12205a (hereinafter "ADA"), and its implementing regulations and alleges as follows:

## JURISDICTION AND VENUE

1.      This is an action for declaratory and injunctive relief pursuant to Title III of the ADA. This Court is vested with original jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

2.      Venue is properly located in the Northern District of Alabama pursuant to 28 U.S.C. § 1391(b) because venue lies in the judicial district of the property situs or the judicial district in which a substantial part of the events or omissions giving rise to Plaintiff's claims occurred. The Defendants' property is located in and does business within this judicial district and all events giving rise to this lawsuit occurred in this judicial district.

## PARTIES

3.      Plaintiff, MARY ANN PARKER ("hereinafter "Parker" or Plaintiff")
is an Alabama resident individual. Plaintiff is sui juris and qualifies as an individual
with disabilities as defined by the ADA.  Since 2008, Parker has suffered from
degenerative mobility impairments associated with complications stemming from
hip replacement surgery.  Parker also suffers from poor circulation and numbness in
her lower extremities which further complicates her severe mobility impairments.
Parker requires a wheelchair or wheeled walker for mobility as her condition
absolutely inhibits the major life activity of walking without mechanical assistance
and substantially limits her in the exercise of normal bodily functions and as such is
a qualified disability under the ADA.

4.      Defendant, WILLIAMSON OIL CO, INC. (hereinafter referred to as
"Williamson Oil" or "Defendants" as a collective), is a domestic corporation
registered to do business and, in fact, is conducting business in the State of Alabama.
WILLIAMSON OIL, is the lessee and sub-lessor of the real property and
improvements that are the subject of this action, specifically: Victory Food, 5564
located at 1513 Greenbrier Dear Road, Anniston, Alabama (hereinafter referred to
as "premises", "subject premises", "subject facility", "subject property", "subject
location", "Defendants' premises" and/or "Defendants' property")

5.     Defendant, LIMBOJ, LLC. (hereinafter referred to as "Limboj" or "Defendants" as a collective), is a domestic limited liability company registered to do business and, in fact, is conducting business in the State of Alabama. Limboj, is the sub-lessee and operator of the real property and improvements that are the subject of this action, specifically: Victory Food, 5564 located at 1513 Greenbrier Dear Road, Anniston, Alabama (hereinafter referred to as "premises", "subject premises", "subject facility", "subject property", "subject location", "Defendants' premises" and/or "Defendants' property").

6.     Defendant, GAYNELLE PITTS (hereinafter referred to as "Pitts" or "Defendants" as a collective), is an individual and is the owner and lessor of the real property and improvements that are the subject of this action, specifically: Victory Food, 5564 located at 1513 Greenbrier Dear Road, Anniston, Alabama (hereinafter referred to as "premises", "subject premises", "subject facility", "subject property", "subject location", "Defendants' premises" and/or "Defendants' property")

## COUNT I – CLAIM FOR INJUNCTIVE RELIEF
### (Against Defendant for ADA Violations)

7.     On or about July 26, 1990, Congress enacted the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq*. Commercial enterprises were provided one and a half years from enactment of the statute to implement its requirements. For enforcement purposes, the effective date of Title III of the ADA was January 26, 1992. 42 U.S.C. § 12181; 20 C.F.R. § 36.508(A).

8.      To assist businesses in offsetting the costs associated with complying with the ADA and removing barriers to access for individuals with disabilities, Section 44 of the IRS Code provides a tax credit for small businesses and Section 190 of the IRS Code provides a tax deduction for all businesses, including the Defendants.

9.      Compliance with 42 U.S.C. § 12182(b)(2)(A)(iv) is readily achievable by the Defendants due to the low costs of removing its existing architectural barriers and the financial assistance made available to Defendants by the government pursuant to Section 44 and/or Section 190 of the IRS Code.

10.     Pursuant to 42 U.S.C. § 12181(7) and 28 C.F.R. §36.104, the subject facility owned and leased by PITTS and ultimately leased to and operated by LIMBOJ is a place of public accommodation in that PITTS owns and LIMBOJ presently operates the real property and fixtures of a gas station that provides fuel and various retail services to the public. Pursuant to 42 U.S.C. § 12182(a), the Defendants are liable for any ADA violations on the subject premises because they owns or controls the subject premises and while regulations promulgated by the Department of Justice state that a landlord may contractually allocate to a tenant the responsibility to comply with the ADA, however if such allocation is made it is effective only as between the landlord and tenant and has no effect on the rights of third parties such as the Plaintiff in this case. As the owner, lessor, sub-lessor or

lessee of the real property and fixtures of the subject premises the Defendants are independently liable for the barriers to equal access as alleged herein. 28 C.F.R. § 36.201(b).

11. Prior to instituting this action, and on numerous occasions per month over the last year and before, Parker visited and *attempted to* patronize Defendants' premises at issue in this matter, and was denied full, safe and equal access to the subject property and the benefits of services, programs, and/or activities of the subject premises and its facilities, and has otherwise been discriminated against, has suffered an injury in fact, and been damaged by Defendants due to their lack of compliance with the ADA. Plaintiff has personal knowledge that the subject location is presently in violation of the ADA and is discriminating against individuals with disabilities.

12. Due to the violations of the ADA at Defendants' premises Plaintiff does not have safe and equal access to the subject facilities from an accessible parking facility and as such does not have safe and equal access to the goods, services, and restrooms available to Defendants' able-bodied patrons at this location. Plaintiff has suffered, and continues to suffer, frustration and humiliation as a result of the discriminatory conditions present at the subject premises.

13. Plaintiff has a bona fide desire and intent to patronize i.e., avail herself of the goods and services of, Defendants' subject premises once the barriers to equal

access that amount to violations of the ADA are removed; however, Plaintiff is deterred from doing so as a result of the barriers to access which currently persist at said premises. The existence of these barriers creates a 100 percent likelihood that Plaintiff will suffer the same injury as alleged each time she returns in the future.

14.     Plaintiff is also a tester for the purpose of asserting her civil rights by monitoring, ensuring, and determining whether places of public accommodation, such as Defendant, are in compliance with the ADA so that individuals with disabilities, including herself, and those using wheelchairs similarly situated, will have full and equal enjoyment of the property without fear of discrimination and the accompanying humiliation associated with discrimination.

15.     Plaintiff resides in Ashland, Alabama, a rural area less than 40 miles south of Calhoun County, Alabama where the subject facility is located and regularly travels to the Anniston area to shop, dine, and visit with family, and has a real, continuing, and immediate threat of future discrimination as a result of Defendants' violation of, and non-compliance with, the ADA because she intends to continue to visit, i.e. *attempt to* patronize, the subject location each time she travels by the subject facility which occurs numerous times each month. Accordingly, Plaintiff intends to *attempt to* patronize, i.e., visit, Defendants' subject location numerous times next month, and on a regular basis each month following. Plaintiff will do this

until the barriers are remediated and she is able to patronize the subject location with access equal to that of Defendants' able-bodied customers.

16. Defendants have discriminated and continues to discriminate against the Plaintiff, and others who are similarly situated, by denying access to, and full, safe and equal enjoyment of the goods, services, facilities, privileges, advantages, and/or accommodations at the subject facility in derogation of 42 U.S.C. § 12101 *et seq*.

17. Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA 28 C.F.R. Part 36.

18. Defendants are in violation of 42 U.S.C. § 12181 *et seq.*, and 28 C.F.R. § 36.302 *et seq.*, and are discriminating against the Plaintiff as a result of *inter alia*, the following specific violations that Plaintiff personally encountered and/or observed:

## PARKING

a. The Plaintiff could not safely utilize the parking facility as the accessible parking space had no visible upright signage in violation of Section 4.6 of the ADAAG and Sections 302 and 502 of the 2010 ADA Standards, whose resolution is readily achievable.

b. The Plaintiff could not safely utilize the parking facility because the designated accessible parking space was not level in violation of Section 4.6.3 of the ADAAG and Section 502.4 of the 2010 ADA Standards, whose

resolution is readily achievable.

c.    The Plaintiff could not safely utilize the parking facility as
      there was no access aisle present in violation of Section
      4.6 of the ADAAG and Sections 208 and 502 of the 2010
      ADA Standards, whose resolution is readily achievable.
      The lack of an access aisle has caused Plaintiff anxiety and
      difficulty because she knows that should she park her
      vehicle in a space without a clearly marked access aisle,
      she runs the risk of being blocked out of her vehicle, and
      stranded at the subject location if someone parks
      immediately adjacent to her vehicle.

d.    The Plaintiff could not safely utilize the parking facility as
      there is no designated van accessible parking space present
      in violation of Section 4.6 of the ADAAG and Sections
      208, 302 and 502 of the 2010 ADA Standards, whose
      resolution is readily achievable.

## ACCESS TO GOODS AND SERVICES

e.    The Plaintiff could not use the drink dispensers
      independently because they are positioned too high for
      wheelchairs users. Violation: The operable parts of the
      drink dispensers are not at an accessible height in violation
      of Section 5.2 of the ADAAG and Sections 308 and
      904.5.1 of the 2010 ADA Standards, whose resolution is
      readily achievable.

## RESTROOM

f.    The Plaintiff could not use the toilet safely because the
      required grab bars were not provided. Violation:
      Compliant grab bars are not provided in the restrooms in
      violation of Sections 4.16.4, 4.26 and Figure 29 of the
      ADAAG and Section 604.5.2 of the 2010 ADA Standards,
      whose resolution is readily achievable.

g.   The Plaintiff could not use the toilet safely because it was mounted too far from the side wall. Violation: The toilets are mounted at a noncompliant distance from the wall in violation of Section 4.16.2 of the ADAAG and Section 604.2 of the 2010 ADA Standards, whose resolution is readily achievable.

h.   The Plaintiff could not use the toilet safely because it is a noncompliant toilet which sits too low to the ground. Violation: The toilet seat height was too low when measured from the floor to the seat in the lowered position in violation of Section 4.16.3 of the ADAAG and Section 604.4 of the 2010 ADA Standards, whose resolution is readily achievable.

i.   The Plaintiff could not flush the toilet without difficulty as the flush valve was not mounted on the open side of the toilet. Violation: The flush valve is not mounted on the compliant side of the toilet in violation of Section 4.16.5 of the ADAAG and Section 604.6 of the 2010 ADA Standards, whose resolution is readily achievable.

MAINTENANCE

j.   The accessible features of the facility are not maintained, creating barriers to access for the Plaintiff, as set forth herein, in violation of 28 CFR §36.211.

19.   The foregoing violations are violations of the 1991 Americans with Disabilities Act Accessibility Guidelines (ADAAG), and the 2010 Standards for Accessible Design, as adopted by the U.S. Department of Justice.

20.   The Plaintiff states that as soon as she encountered or observed the architectural barriers at the subject location she had actual notice that the Defendants

do not intend to comply with the ADA.

21.     The discriminatory violations described in paragraph eighteen (18) are not an exhaustive list of the Defendants' current barriers to equal access and violations of the ADA because Plaintiff was unable to access and assess all areas of the subject premises due to the architectural barriers encountered. A complete list of the subject location's ADA violations affecting the Plaintiff as a wheelchair user, and the remedial measures necessary to remove same, will require an on-site inspection by Plaintiff's representatives pursuant to Federal Rule of Civil Procedure 34. Once the Plaintiff personally encounters discrimination, as alleged above, or learns of discriminatory violations through expert findings of personal observation, she has actual notice that the defendants do not intend to comply with the ADA.

22.     Plaintiff knows it will be a futile gesture to attempt to patronize the facility unless she is willing to endure further discrimination, therefore, Plaintiff is deprived of the meaningful choice of freely patronizing the subject premises when in contrast the subject premises is readily available to able bodied patrons and the general public without disabilities.

23.     To date, the Defendants' barriers to access and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA. Plaintiff has reasonable grounds to

believe that she will be subjected to discrimination in violation of the ADA by Defendants if these violations are not corrected and made compliant.

24.    By continuing to operate the subject premises with discriminatory conditions in violation of the ADA, Defendants contribute to Plaintiff's sense of isolation and segregation and deprives Plaintiff of the full and equal enjoyment of the goods, services, facilities, privileges, and accommodations available to able bodied individuals of the general public.

25.    Defendants are required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its places of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); additionally, if there has been an alteration to Defendants' place of public accommodation since January 26, 1992, then Defendants are required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including people who use wheelchairs, 28 CFR 36.402; and finally, if the Defendants' facility were designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendants' facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA. To date, Defendants have failed to comply with this mandate.

26.     Plaintiff is without adequate remedy at law and is suffering irreparable harm. Considering the balance of hardships between the Plaintiff and Defendants, a remedy in equity is warranted. Furthermore, the public interest would not be disserved by a permanent injunction. Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action and is entitled to recover attorney's fees, costs and litigation from the Defendants pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505. Plaintiff will be denied full and equal access to the subject premises, as provided by the ADA unless the injunctive relief requested herein is granted.

27.     Pursuant to 42 U.S.C. § 12188, this Court is vested with the authority to grant Plaintiff injunctive relief; including an Order to alter the subject facilities to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and closing the subject facilities until the requisite modifications are completed, and ordering Defendants to fulfill their continuing duty to maintain the accessible features at the premises in the future as mandated by 28 CFR 36.211.

WHEREFORE, the Plaintiff demands judgment against Defendants and requests the following injunctive and declaratory relief:

A.     That the Court declare that the property owned and administered by Defendants is violative of the ADA;

B.     That the Court enter an Order directing Defendants to alter

their facilities to make them accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

C.    That the Court enter an Order directing Defendants, pursuant to 28 C.F.R. §36.211, to fulfill their continuing duty to maintain its accessible features and equipment so that the facility remains accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

D.    That the Court enter an Order directing Defendants to implement and carry out effective policies, practices, and procedures to maintain the accessible features and equipment pursuant to 28 C.F.R. §36.302 and 28 C.F.R. §36.211.

E.    That the Court enter an Order directing Defendants to evaluate and neutralize their policies and procedures towards persons with disabilities for such reasonable time so as to allow them to undertake and complete corrective procedures;

F.    An award of attorneys' fees, costs (including expert fees), and litigation expenses pursuant to 42 U.S.C. § 12205;

G.    An award of interest upon the original sums of said award of attorney's fees, costs (including expert fees), and other expenses of suit; and

H.    Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated this the 19th day of August, 2019.

Respectfully submitted,

 /s/ Amanda H. Schafner_____
Amanda H. Schafner (AL 5509s54c)

**OF COUNSEL:**
Amanda H. Schafner
P.O. Box # 841
Birmingham, AL 35201
Telephone: (256) 490-3004
E-Mail: ahschafner.law@gmail.com

**DEFENDANTS TO BE SERVED VIA US MARSHALL:**

LIMBOJ, LLC
c/o Byron Tanner
413 Lorna Square
Birmingham, AL 35216

GAYNELLE PITTS
5720 Summer Place Road
Cedar Bluff, AL 35959

## CERTIFICATE OF SERVICE

I hereby certify that on August 19, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and I hereby certify that I have served the same via the CM/ECF system to the following:

T. Kelly May
H. Cannon Lawley
Jeremy S. Gaddy
CLARK MAY PRICE LAWLWY DUNCAN & PAUL, LLC
3070 Green Valley Road
P.O. Box 43408
Birmingham, AL 35243
**Email: kmay@clarkmayprice.com**

  /s/ Amanda H. Schafner
Attorney for Plaintiff