FILED
2019 Dec-16 PM 04:27
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| **MARY ANN PARKER,** individually, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| **LIMBOJ, LLC,** | ) ) ) |
| Defendant. | ) |

Case No.: 1:19-cv-00896-ACA

___

## CONSENT DECREE

This matter is before the court on the parties' joint motion for entry of a consent decree. Plaintiff Mary Ann Parker and Defendant Limboj, LLC, an Alabama limited liability company, have agreed to the terms as set forth below:

1. Plaintiff filed this action to enforce Title III of the Americans with Disabilities Act, 42 U.S.C. §12181 *et seq.* ("ADA").

2. The complaint seeks injunctive relief compelling Defendant to alter its property commonly known as Victory Food, 5564 located at 1513 Greenbrier Dear Road, Anniston, Alabama (referred to hereafter as the "building," "facility" and/or "premises") to make it readily accessible to the Plaintiff and all other persons with disabilities as defined by the ADA.

3. The parties and their respective counsel, having consented to the entry of

this Decree without trial or adjudication of any issue of fact or law, agreeing that such Decree is appropriate, and without this Decree constituting an admission of fact or law by any party, the court **ORDERS** as follows:

## I.    JURISDICTION

The Court has jurisdiction of this action under 28 U.S.C. §§ 1331, 1345 and 42 U.S.C. § 12133. The Court may grant declaratory and other relief pursuant to 28 U.S.C. §§ 2201 and 2202, and 42 U.S.C. § 12133.

Venue is proper in the Eastern Division of this District pursuant to 28 U.S.C. § 1391 because the building is located in this District and all of the claims and events giving rise to this action occurred in this District.

## II.    DEFINITIONS

The following definition shall apply in this Consent Decree: "Standards" means the 2010 ADA Standards consisting of both the Title III Regulations at 28 CFR part 36, subpart D; and the 2004 ADAAG at 36 CFR part 1191, appendices B and D.

## III.    AGREEMENT

The parties agree that their best interests are and will be served by resolving this matter as contemplated herein.  The parties agree and stipulate to the court's entry of this Consent Decree resolving Plaintiff's complaint against Defendant.  The parties agree to be bound by the terms of this Consent Decree and not to contest its

validity in any subsequent proceeding arising from it.

Now, therefore, it is hereby Ordered, Adjudged and Decreed as follows:

**Responsibilities of Defendant / Work Plan**

The Defendant agrees to the following modifications to the facility located at 1513 Greenbrier Dear Road, Anniston, Alabama:

    **1.**    **Parking**

        a)    Parking space identification signs, including the International Symbol of Accessibility complying with Figure 703.7.2.1, mounted 60" above the ground surface measured from the bottom of the sign will be added for all accessible parking spaces in accordance with 2010 ADA Standard 502.6.

        b)    Access aisles serving designated accessible parking spaces will be added that are (a) at least 60" wide, (b) extending the full length of the vehicle pull-up spaces served by the aisles, and (c) marked so as to discourage parking in them, in accordance with 2010 ADA Standard 502.3.  Additionally, the access aisle will have a slope not steeper than 1:48, in accordance with 2010 ADA Standard 502.4.  According to 2010 ADA Standard 502.3, two parking spaces shall be permitted to share common access aisle.

      c)    A van accessible space meeting the requirements of 2010 ADA Standard 502.2 (at least 132" wide with an adjacent access aisle at least 60" wide) will be added pursuant to 2010 Standard 208.2.  A sign complying with 2010 ADA Standard 502.6 will also be added, indicating "van accessible."

      d)    Accessible parking spaces will comply with 2010 ADA Standard 502.4: access aisles will be the same level as the parking spaces they serve (with no slopes steeper than 1:48).

**2.   Interior**

      a)    Defendant shall make all interior spaces of the facility compliant with the governing ADA standards and regulations to the extent such compliance is readily achievable.

      b)    Defendant agrees that any requisite modifications to the area where the drink dispensers are located shall be completed concurrently when and if the Defendant renovates the current facility.

      c)    Defendant shall close the restroom to public use.  In the event that Defendant again offers the use of restroom facilities to the public, it agrees that the same shall be brought into compliance and operated in conformity with the ADA

## IV. RESPONSIBILITY OF PLAINTIFF

Plaintiff's representative shall be provided reasonable access to the facility to verify completion of the above-referenced work on a date mutually agreed to by the parties. Defendant shall provide digital photos depicting completion of the above-referenced work in the hope of obviating the need for Plaintiff's post-completion inspection.

## V. COMPLETION

Defendant agrees to complete all alterations and modifications at the facility on or before December 31, 2020. The parties agree that if the Defendant has timely commenced the modifications required hereby, and has proceeded with the completion thereof in good faith and with due diligence, but has been delayed in the completion thereof due to acts of God, *force majeure*, or events beyond the control of Defendant (such as inability to obtain building or zoning permits, failure of the county inspectors to make inspections, contractor defaults, work stoppages, etc.), the time periods for completion established hereby shall be extended appropriately should the Defendant provide Plaintiff with written notice of same with appropriate backup documentation prior to the agreed upon completion date herein.

## VI.   ATTORNEY'S FEES, EXPERT WITNESS FEES AND LITIGATION EXPENSES

The Defendant Agrees to pay Plaintiff's Counsel the sum of $4,000 representing all reasonable attorney's fees, including costs of litigation and expert's fees incurred by the Plaintiff.  One half of the Plaintiff's attorney fees ($2,000.00) shall be paid at the time of entering this Consent Decree and the remainder ($2,000.00) shall be paid on or before March 31, 2020.

If any action or proceeding is commenced with regard to the subject matter of this Decree, then the prevailing party in such action or proceeding shall be entitled to have its reasonable attorney's fees and costs incurred in said action or proceeding promptly reimbursed by the non-prevailing party.

## VII.   CONTINUING OBLIGATION

It is the intention of the parties that, if the facility is sold or transferred prior to the completion of all the obligations set forth herein, any purchaser or successor in interest shall be required to undertake all of the obligations as set forth herein.

## VIII. PARTIES BOUND

This Consent Decree shall be binding upon and inure to the benefit of the parties hereto and their respective officers, directors, agents, successors and assigns. The parties shall perform their obligations under this Consent Decree in good faith.

## IX. <u>ADMISSIBILITY OF CONSENT DECREE</u>

The parties have entered into this Consent Decree with the express understanding that it is the product of settlement negotiations. The court expressly finds that the parties participated in these negotiations and have executed this Consent Decree in good faith.

## X. <u>WRITTEN NOTICE</u>

Each notice ("Notice") provided for under this Consent Decree must comply with the requirements of this Section. Each Notice shall be in writing and sent by via USPS Certified Mail, Return Receipt, addressed to the appropriate party (and marked to a particular individual's attention, if so indicated) as hereinafter provided. Each Notice shall be effective upon being so deposited, but the time period in which a response to any notice must be given or any action taken with respect thereto shall commence to run from the date of receipt of the Notice by the addressee thereof, as evidenced by the return receipt. Rejection or other refusal by the addressee to accept or the inability to deliver because of a changed address of which no Notice was given shall be deemed to be the receipt of the Notice sent. Any party shall have the right from time to time to change the address or individual's attention to which notices to it shall be sent by giving to the other party at least ten (10) days prior notice thereof. The parties' addresses for providing Notices hereunder shall be as follows:

**Plaintiff:**
c/o Amanda Schafner, Esq.
Schafner Law Group, LLC
P.O. Box 841
Birmingham, Alabama 35201

**Defendant:**
c/o Charles C. Turner
Turner & Company- Attorney, P.C.
32 W. 11th Street
P.O. Box 1589
Anniston, Alabama 36202

**IN WITNESS WHEREOF,** the parties have hereunto signed their names on the day and year written below.

Date 12-11-19

_____
MARY ANN PARKER
Plaintiff

_____
AMANDA H. SCHAFNER
ATTORNEY FOR PLAINTIFF
AL 5509s54c

OF COUNSEL:
The Schafner Law Group, LLC
P.O. Box 841
Birmingham, AL 35201
Telephone: (256) 490-3004
E-Mail: ahschafner.law@gmail.com

Date: _____

_____
UMANG PATEL
Defendant

_____
CHARLES C. TURNER
ATTORNEY FOR DEFENDANT
AL 3803e55c

OF COUNSEL:
Turner & Company – Attorney, PC
PO Box 1589
Anniston, AL 36202-1589
Telephone (256) 237-9404
Email:
charlesturner@charlesturner.com

The court **DISMISSES** this case **WITH PREJUDICE**.

**DONE** and **ORDERED** this December 16, 2019.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE